## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. A. No. 06-391 |
| | ) | |
| JORGE FREZZELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CONTI, Chief District Judge

### I.      INTRODUCTION

Pending before the court is a *pro se* motion for early termination of supervised release filed by defendant Jorge Frezzell ("defendant") pursuant to 18 U.S.C. § 3583(e). (ECF No. 52.) The government filed a response to defendant's motion. (ECF No. 54.) Having been fully briefed, defendant's motion is ripe for disposition. For the reasons set forth in this memorandum opinion, the court will deny defendant's motion without prejudice.

### II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2006, a federal grand jury returned an indictment charging defendant with two counts of distributing five or more grams of cocaine base, *i.e.*, "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) ("counts one and two"). (ECF No. 1.)

On May 7, 2007, defendant withdrew his pleas of not guilty, waived his

right to trial by jury, and pleaded guilty to counts one and two of the indictment. (ECF Nos. 35, 36.)

On December 6, 2007, the court sentenced defendant to sixty-eight months of imprisonment and five years of supervised release. (ECF Nos. 41, 42.) The court imposed the standard conditions of supervised release upon defendant, including, in relevant part, that he:

- not leave the judicial district without permission;

- report to the probation officer and submit a written report monthly;

- answer all inquiries of and follow all instructions by the probation officer;

- support dependents and meet family responsibilities;

- work regularly at a lawful occupation;

- notify the probation officer prior to any change in residence or employment;

- refrain from any use of alcohol;

- not purchase, possess, use, distribute, or administer controlled substances;

- not frequent places where controlled substances are illegally sold, used, distributed, or administered;

- not associate with persons engaged in criminal activity or convicted of a felony;

- permit the probation officer to visit him at any time at home or

elsewhere;

- notify the probation officer if arrested or questioned by law enforcement;

- not agree to act as an informer or special agent without permission; and

- notify third parties of the risks occasioned by his criminal record or personal history.

(ECF No. 42 at 3.) The court imposed additional supervised release terms upon defendant, including, in relevant part, that he

- not possess a firearm, ammunition, destructive device, or other dangerous weapon;

- not illegally possess a controlled substance;

- participate in a program of testing and, if necessary, treatment for substance abuse;

- participate in an alcohol aftercare treatment program; and

- cooperate in the collection of DNA.

(*Id.* at 4.)

On September 9, 2011, the court granted defendant's motion for a reduced sentence from sixty-eight to sixty months, pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 50.)

Defendant was released from the Bureau of Prisons' custody and began

supervision on March 9, 2012.[1]

On December 4, 2015, defendant filed this motion seeking early termination of his supervised release term, on grounds that he

- served approximately seventy-five percent of his supervised release term;

- "abstained from criminal conduct and activity," including "drug usage and/or sales," during his term of supervised release;

- does not owe restitution to victims, or fines or fees to the court;

- maintained lawful employment and earned two promotions;

- complied with "random drug testing, provided urine samples upon request, and . . . never submitted a positive screening result"; and

- "practiced [the] model behavior of any citizen since his release. . . ."

(ECF No. 52.)

## III.  LEGAL STANDARD

After considering certain enumerated factors in 18 U.S.C. § 3553(a), the court may,

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

---

[1] In his motion, defendant states that he was "released form the Renewal Center on March 11, 2012." (ECF No. 52. at 2.) Defendant's probation officer, however, represented to the court that defendant began his term of supervised release on March 9, 2012.

18 U.S.C. § 3583(e)(1). The pertinent § 3553(a) factors the court must consider are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)–(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"Generally[,] . . . early termination of supervised release under [§] 3583(e) should occur only when the sentencing judge is satisfied that something *exceptional* or *extraordinary* warrants it." *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)) (emphasis added). "Simple compliance with the conditions of supervised release [is] expected and not exceptional." *Id.* at 574; *United States v.*

*Abdelhady*, No. 06-63, 2013 WL 1703775, at \*2 (W.D. Pa. Apr. 19, 2013) ("[I]t is well-settled that mere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); *United States v. Dudash*, No. 05-101, 2012 WL 874878, at \*3 (W.D. Pa. Mar. 14, 2012) ("Defendant's full compliance with all of the conditions of supervised release does not warrant early termination."). "In other words, the § 3553(a) factors and the interest of justice do not support early termination unless there is a reason other than compliance with the conditions of supervision." *United States v. Banks*, No. 04-176, 2015 WL 926534, at \*4 (W.D. Pa. Mar. 4, 2015) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")).

## III.    DISCUSSION

Upon consideration of the parties' submissions and the pertinent factors set forth in § 3553(a), defendant's motion for early termination of supervised release will be denied.

### A.    Nature and circumstances of the offenses, history and characteristics of defendant—§ 3553(a)(1)

With respect to the nature and circumstances of the offenses, defendant pleaded guilty to two very serious drug charges involving the distribution of five or

more grams of crack cocaine on two separate occasions in April 2006. Cocaine, and crack cocaine in particular, is devastating to the community, and the court considers the seriousness of defendant's conduct under § 3553(a)(1). *Dudash*, 2012 WL 874878, at *6 (citing *United States v. Kay*, 283 F. App'x 944, 948 n.2 (3d Cir. 2008)).

With respect to defendant's history and characteristics, the court notes as it did at the time of sentencing that defendant: (1) was previously convicted of a misdemeanor; and (2) committed the drug distribution offenses for which he is under supervision while on probation. (ECF No. 40.) Consequently, continued supervision is warranted, notwithstanding defendant's post-incarceration conduct. Defendant has complied with the conditions of supervised release—but defendant's compliance is "expected," court-ordered, and "not exceptional" so as to warrant early termination of supervised release. *Laine*, 404 F. App'x at 574; *Abdelhady*, 2013 WL 1703775, at *2 ("[M]ere compliance with the terms of supervised release, while commendable, is not sufficiently extraordinary to justify early termination."); *Dudash*, 2012 WL 874878, at *3; *Medina*, 17 F. Supp. 2d at 247.

Taken as a whole, the factors set forth in § 3553(a)(1) counsel in favor of denying defendant's motion.

**B.** **Need for deterrence, to protect the public, and for correctional treatment of defendant—§§ 3553(a)(2)(B)–(D)**

Given the seriousness of the offenses for which defendant is under supervision and defendant's failure to show extraordinary circumstances in this case, the conditions of defendant's supervised release continue to:

- afford adequate deterrence to defendant (whose criminal history category is II) and others from the commission of further crimes;

- protect the public from any such crimes of defendant; and

- provide defendant with any necessary correctional treatment, *i.e.*, substance-abuse or alcohol treatment, in the most effective manner.

Accordingly, the factors set forth in §§ 3553(a)(2)(B)–(D) counsel in favor of denying defendant's motion.

**C.** **The sentencing range established by the Sentencing Commission—§ 3553(a)(4)**

Based upon a total offense level of twenty-seven and a criminal history category of II, the advisory guidelines range for imprisonment in this case was seventy-eight to ninety-seven months. (ECF No. 40.) Defendant was subject to a mandatory minimum term of imprisonment of not less than five years, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). By statute and under the guidelines, defendant was subject to a term of supervised release of at least four years and no more than five years. (*Id.*) The court granted defendant a downward variance and imposed a sentence of sixty-eight months of imprisonment (later reduced to sixty

months) and five years of supervised release. As stated, defendant began his term of supervision on March 9, 2012, meaning his term of supervised release terminates on March 9, 2017—*i.e.*, more than thirteen months from the date of this memorandum opinion.

As of the date of this memorandum opinion, defendant has yet to serve the four years of supervised release mandated by statute and by the guidelines, which will occur on March 9, 2016. Given that defendant fails to show any other extraordinary circumstances beyond his compliance with the terms of his supervised release, early termination is not warranted in this case under § 3553(a)(4).

**D.** **Any pertinent policy statement issued by the Sentencing Commission—§ 3553(a)(5)**

The court is not aware of—and defendant did not point to—any policy statement issued by the Sentencing Commission that applies to defendant in this case.

**E.** **The need to avoid unwarranted sentence disparities—§ 3553(a)(6)**

The court is not aware of—and defendant did not point to—any unwarranted sentence disparities created by the sentence imposed upon defendant in this case.

**F.** **The need to provide restitution to victims—§ 3553(a)(7)**

Restitution is not applicable in this case.

### G. **Summary**

In summary, the pertinent factors in § 3553(a) counsel in favor of denying defendant's motion for early termination of supervised release in this case. Defendant's compliance with the terms of his supervised release—while commendable—is "expected," court-ordered, and "not exceptional" so as to warrant early termination of supervised release in this case. *Laine*, 404 F. App'x at 574.

## IV. CONCLUSION

For the reasons set forth in this memorandum opinion, the court will deny defendant's motion for early termination of supervised release without prejudice.

An appropriate order follows.

DATED:     February 2, 2016

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

CC:

Jorge Frezzell
518 Marne Ave.
Monongahela, PA 15063

Jorge Frezzell
414 Wood St.
Belle Vernon, PA 15012